IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv204

| | |
|---|---|
| M.M., AS LAWFUL GUARDIAN AD LITEM OF MINOR CHILD, M.G., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BURKE COUNTY PUBLIC )<br>SCHOOLS BOARD OF EDUCATION, )<br>et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

Pending before the Court is the Motion to Compel [# 38]. Defendants move pursuant to Rule 35 of the Federal Rules of Civil Procedure for an Order compelling the mental and physical examination of the minor Plaintiff, M.G. ("Plaintiff"). Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **GRANTS** the motion [# 38].

I.  Analysis

Rule 35 provides in pertinent part:

**(a) Order for an Examination.**
    (1) In General. The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a

>     suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> (2) Motion and Notice; Contents of the Order. The order:
>     (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and
>     (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a). Thus, Rule 35 requires that the Court find good cause for an independent examination and that the mental or physical condition be in controversy. Id.; Simon v. Bellsouth Adver. & Publ'g Corp., Civil Action No. 3:09-CV-177-RJC-DCK, 2010 WL 1418322 (W.D.N.C. Apr. 1, 2010) (Keesler, Mag. J.); EEOC v. Maha Prabhu, Inc., No. 3:07-cv-111-RJC, 2008 WL 2559417, *2-3 (W.D.N.C. Jun. 23, 2008) (Conrad, C.J.).

Good cause requires that the party's mental condition be more than just relevant; the mental condition must also be necessary to the case. EEOC, 2008 WL 2559417, at *2; Machie v. Manger, Civil Action No. AW-09-2196, 2012 WL 2092814 (D. Md. Jun. 7, 2012). As the Court explained in EEOC:

> Where the average lay person would have difficulty evaluating the nature, extent, and cause of the claimant's injuries, there is good cause for an independent medical evaluation. See Greenhorn v. Marriot Int'l Admin. Servs., Inc., 216 F.R.D. 649, 652 (D. Kan. 2003). However, good cause does not exist where the desired information could have been obtained through less invasive tools of discovery. Schlagenhauf, 379 U.S. at 118. Thus, necessity arises where the average person's understanding ends and other means of obtaining information are

exhausted.

EEOC, 2008 WL 2559417, at *2; see also Simon, 2010 WL 1418322.

Garden variety allegations by a plaintiff of emotional distress, however, are generally insufficient to put the mental condition of the plaintiff at issue. EEOC, 2008 WL 2559417, at *3. Instead, Courts have generally found the mental condition of a plaintiff to be in controversy for purposes of Rule 35 where:

> (1) the plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) the plaintiff has claimed unusually severe emotional distress; (3) the plaintiff has alleged a specific type of disorder or other psychiatric injury; (4) the plaintiff has offered her own expert testimony to supplement her claim of emotional distress; or (5) the plaintiff concedes that her medical condition is "in controversy" pursuant to Rule 35.

Id.; Simon, 2010 WL 1418322; Walton v. North Carolina Dep't of Agric. & Consumer Servs., No. 5:09-CV-302-FL, 2011 WL 883579 (E.D.N.C. Mar. 11, 2011).

Upon a review of the record in this case, the Court finds that the mental condition of Plaintiff is in controversy. In addition, the Court finds that good cause exists for allowing the independent examination by Defendants' expert. Plaintiff alleges that Defendant Alexander physically and sexually abused her, leading to severe trauma and "great psychological and emotional harm." (Pl.'s Compl. ¶¶ 54-55.) Plaintiff contends that she suffers ongoing emotional distress and post-

traumatic stress from the abuse she suffered. (see e.g. id. ¶¶ 54, 63.) In addition, Plaintiff has retained two experts who have prepared psychological evaluations of Plaintiff addressing the scope and cause of Plaintiff's psychological injury. As such, there is no question that Plaintiff has placed her physical and mental condition in controversy.

Similarly, good cause exists in this case. Plaintiff intends to call two experts regarding Plaintiff's mental condition. Defendants are entitled to obtain an expert to question Plaintiff and provide a counter-expert opinion in response to Plaintiff's expert opinions. In fact, Defendants would be substantially prejudiced in defending against the claims brought by Plaintiff if they were unable to obtain an expert to question Plaintiff and prepare an expert report. Having placed her mental and physical condition in controversy in this case, and good cause existing for allowing the evaluation, the Court **GRANTS** the motion [# 38].

II.     **Conclusion**

The Court **GRANTS** the Motion to Compel [# 38]. The Court **ORDERS** Plaintiff to submit to an examination by Dr. Guy Palmes concerning the nature, cause, and extent of Plaintiff's alleged psychological and emotional harm, including any emotional distress and post-traumatic stress she allegedly suffers as a result of any sexual or physical abuse. The Court **DIRECTS** the parties to confer

as to the time and location for the examination. If the parties cannot agree as to the time and location for the examination within ten (10) days of the entry of this Order, then Defendant should file a motion requesting that the Court set the time and location for the examination and the Court will do so.

Signed: June 23, 2014

Dennis L. Howell
United States Magistrate Judge