# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### CIVIL CASE 1:13-cv-00204-MR-DLH

M.M. as Lawful Guardian *Ad Litem*          )
of Minor Child, M.G.,                       )
                                            )
            Plaintiff,          )
                                            )
     vs.                      )
                                            )
BURKE COUNTY PUBLIC SCHOOLS                 )
BOARD OF EDUCATION, et al.,                 )
                                            )
         Defendants.          )
_____ )          **ORDER TO SEAL**
                                            )
R.L. as Lawful Guardian *Ad Litem*          )
of Minor Child, A.L.,                       )
                                            )
            Plaintiff,          )
                                            )
     vs.                      )
BURKE COUNTY PUBLIC SCHOOLS                 )
BOARD OF EDUCATION, et al.,                 )
                                            )
         Defendants.          )
_____ )

**THIS MATTER** is before the Court on the Plaintiffs' Motion to File Under Seal. [Doc. 79].

The Plaintiffs in these consolidated actions seek leave to file under seal certain documents in support of their Motion for Approval of Minor

Settlements. For grounds, the Plaintiffs state that these supporting documents identify and provide personal and sensitive information regarding the minor Plaintiffs and members of their families. These documents also reference terms of the parties' settlement agreements, the details of which the Plaintiffs have agreed to keep confidential. The Defendants consent to the Plaintiffs' motion. [Doc. 79 at 3].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, --- F.3d ----, 2014 WL 1465728 (4th Cir. Apr. 16, 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow

interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiffs' motion. The Plaintiffs filed their motion on November 25, 2014, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiffs have demonstrated that the documents at issue contain personal information regarding the minor Plaintiffs, as well as terms of the parties' confidential settlement agreements, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these documents is narrowly tailored to serve the interest of protecting both the Plaintiffs' privacy and the confidentiality of the parties' settlement agreements.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to File Under Seal [Doc. 79] is **GRANTED**, and the Plaintiffs shall be permitted to

file documentation supporting the Plaintiffs' Motion for Approval of Minor Settlements under seal.

**IT IS SO ORDERED.**

Signed: December 11, 2014

Martin Reidinger
United States District Judge